Joseph POGGI, Plaintiff,

v.

**NEW YORK SHIPPING ASSOCIATION-INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION TRUST FUND; New York Shipping Association-International Longshoremen's Association Pension Trust Fund Trustees; John Bowers, Donald Carson, Anthony Pimpinella, James G. Costello, Louis W. Macijiski and Michael E. Maher; and Anthony Aurigemma, Pension Director, Defendants.**

No. 85 Civ. 881 (RWS).

United States District Court, S.D. New York.

Dec. 24, 1985.

**984**

Edward J. Quinlan, New York City, for plaintiff.

Lambos, Flynn, Nyland & Giardino, New York City (William M. Spelman, of counsel), Thomas W. Gleason, New York City (Andre Mazzola, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Joseph Poggi ("Poggi") has moved under Rule 56, Fed.R.Civ.P., for summary judgment directing the defendants New York Shipping Association-International Longshoremen's Association ("NYSA–ILA") Pension Trust Fund (the "Fund"), John Bowers, Donald Carson, Anthony Pimpinella, James G. Costello, Louis W. Macijiski and Michael E. Maher and Anthony Aurigemma (collectively the "Trustees") to pay a disability benefit effective July 1, 1984, and declaring him to be entitled to a retirement pension on his sixty-fifty birthday and a ten-year pension as of November, 1977. The Fund and the Trustees have cross-moved to dismiss the complaint. All parties agree that no factual issue is presented. For the reasons set forth below, the cross-motion is granted and summary judgment will be entered dismissing the complaint.

Poggi, a longshoreman, by 1972 had sixteen years of credited service, thirteen of which from 1957 to 1969 were credited for actual work performed. The NYSA–ILA collective bargaining agreement of 1971 and subsequent agreements have provided for a longshoreman to receive Guaranteed Annual Income ("GAI") benefits under certain conditions. Poggi obtained GAI credits from 1969.

On August 21, 1972, Poggi became employed full-time as an investigator for the Legal Aid Society and has continued such full-time employment to date. On June 5, 1984, Poggi applied for a disability pension to be paid from the fund, and based on Poggi's file, the Trustees ratified the Fund Directors' recommendation that such pension be granted effective July 1, 1984. Prior to the July 1, 1984 effective date, Poggi's eligibility was questioned on the basis of outside employment and payment of the pension was suspended. After confirmation of Poggi's employment by Legal Aid on August 3, 1984 he was denied his pension.

Poggi appealed his denial, the denial was affirmed on January 6, 1985, and this action followed.

**The Facts**

Poggi did not file a Rule 3(g) statement and does not contest the defendants' statement which is thereby undisputed and annexed as Appendix A, constituting the findings of fact.

**Conclusions**

Simply stated, Poggi's position is that the NYSLA–ILA Pension Trust and Plan under which the Fund operates contains no provision against outside employment, that the Trustees improperly followed the direction of the contract board, and that section 203 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1053, applied retroactively, shields him from the pre-ERISA break in service provision contained in the pension plan.

Poggi could only qualify for a disability pension if he met each of the following three independent conditions set forth in the pension plan:

1. he was forty years old;

2. he was employed in the industry for a continuous period of fifteen years immediately prior to his application; and

3. he was employed in the industry at the time he became disabled.

In light of the above eligibility requirements, Poggi was not qualified for a disability pension if (1) he was not employed in the industry for fifteen (15) continuous years immediately prior to his application in June of 1984; and (2) he was not employed in the industry at the time he became disabled in 1984; and (3) if by virtue of his pre-ERISA break in service he had no years of credited service at the time he applied for a disability pension.

■ It is axiomatic that decisions made by trustees of a joint labor-management pension plan should not be reversed unless the trustees have acted in an arbitrary or capricious manner. *Building Trades Employers Association v. New York State Teamsters Conference Pen-*

*sion and Retirement Fund,* 761 F.2d 115, 117 (2d Cir.1985); *Miles v. New York State Teamsters Conference Pension and Retirement Fund,* 698 F.2d 593, 599 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Lageoles v. Retirement Fund of the Fur Manufacturing Industry,* No. 82–7033 (S.D.N.Y. June 25, 1985). Actions of trustees may be arbitrary and capricious if the trustees impose requirements for benefits not required by the particular plan, interpret the plan in a manner inconsistent with the plan's plain words or interpret the plan in a manner which renders some provisions superfluous. *Miles v. New York State Teamsters Conference Pension and Retirement Fund,* 698 F.2d at 599. Unless it can be shown that the trustees acted in bad faith, their discretionary decisions should not be disturbed. *Id.* at 599; *Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911, 915 (2d Cir.), *cert. denied,* 459 U.S. 1039, 103 S.Ct. 454, 74 L.Ed.2d 607 (1982). Even in a situation where the trustees and an applicant for benefits offer rational, though conflicting interpretations of the provisions of the plan, the trustees' interpretation must be upheld. *Miles v. New York State Teamsters Conference Pension and Retirement Fund,* 698 F.2d at 601.

■ Poggi's allegation of capricious and arbitrary conduct is based initially on the fact that at a meeting of the Pension Fund Trustees, the Trustees noted that the NYSA–ILA Contract Board had ordered the suspension of plaintiff's pension payments. However, it was the Trustees of the Pension Fund who first suspended Poggi's disability pension on June 26, 1984, and reconsidered and denied the application in light of his employment with the Legal Aid Society. It was the Pension Fund Trustees who heard Poggi's appeal of their initial determination. Finally, it was the Pension Fund Trustees who affirmed their denial of Poggi's application.

■ Poggi also contends it was arbitrary and capricious for the Trustees to deny his twenty years of credited service

towards his pension resulting from GAI benefits received while employed outside the longshore industry since there was no express prohibition against outside employment in the pension plan. However, the prohibition against outside employment is expressly set forth in the collective bargaining agreement under which the trust was established and specifically states that GAI hours will be applied towards eligibility for all fringe benefits—including pension benefits. Moreover, the Trustees are required to interpret questions of eligibility even if the plan contains no specific provision addressing a particular factor of eligibility.

Here, the Trustees reviewed a unique situation wherein Poggi had received over $232,000 to which it was alleged he was not entitled and that the receipt of benefits determined whether he was entitled to receive a disability pension. It became the Trustees' obligation and duty as fiduciaries to determine eligibility under the circumstances present in this case. The key legal issue is whether or not § 1053 can be applied retroactively to events which occurred prior to the effective date of ERISA, January 1, 1976. Section 1053 provides for nonforfeitability of pensions in spite of a break in services. If § 1053 cannot be applied retroactively, then Poggi does not enjoy the protection of § 1053 and his forfeiture of years of credited service on account of his pre-ERISA break in service was not violative of ERISA and Poggi is thus entitled to no pension whatsoever.

Our Court of Appeals has determined that § 1053 cannot be applied retroactively to prevent the termination of a party's credited service prior to the effective date of ERISA. *Haeberle v. Board of Trustees of Buffalo Carpenters,* 624 F.2d 1132, 1137 (2d Cir.1980); *see also Cohen v. Martin's,* 694 F.2d 296, 298–300 (2d Cir.1982). In *Haeberle,* the plaintiff alleged that he was wrongfully denied a pension on account of the trustees' application of a break in service provision by which plaintiff had forfeited all prior years of credit towards a pension. The trustees ruled that plaintiff had failed to work the requisite number of

hours in each year of a three year period from June 1, 1973 to May 31, 1976, thereby suffering a break in service as of May 31, 1976. Under the express provisions of the plan, the trustees determined that plaintiff forfeited all previous credits toward his pension as of May 31, 1976.

The plaintiff in *Haeberle* claimed that the break in service provision could not be invoked by the trustees because of § 1053, which, according to plaintiff, prevented the trustees from stripping plaintiff of his prior years of credited service even though the facts which constituted the break in service occurred prior to the effective date of § 1053. The Court, however, specifically rejected the plaintiff's claim. It noted that § 1053 becomes binding on a pension plan at the beginning of the plan year that commences after December 31, 1975. *Id.* at 1137. Thus, § 1053 did not become effective *vis-a-vis* the pension plan in *Haeberle* until June 1, 1976, the beginning of the plan year that occurred after December 31, 1975. The court held that § 1053 could not be utilized to protect interests that were terminated prior to the date on which § 1053 became applicable to the pension plan therein:

> Appellant's [plaintiff's] first claim that he was wrongfully denied ERISA pension benefits to which he was allegedly entitled pursuant to 29 U.S.C. § 1053, is without merit for two reasons. First, the decision of the trustees, properly undisturbed by the District Court, was that plaintiff could not invoke 29 U.S.C. § 1053 since that section did not become effective until June 1, 1976, after plaintiff had forfeited all previously earned pension credits. In *Schlansky v. United Merchants & Manufacturers, Inc.,* 443 F.Supp. 1054 (S.D.N.Y.1977), the court rejected a claim that ERISA's vesting provision protected the pension rights of an employee who was discharged prior to the effective date of § 1053(a). *Id.* at 1064. The court's reasoning that ERISA did not apply retroactively is equally applicable to the instant situation in which Haeberle forfeited all previously earned

pension credits on May 31, 1976—one day prior to the effective date of ERISA's vesting provision. Other courts have uniformly rejected claims seeking to invoke ERISA's vesting provision when employees' interests have been terminated prior to the effective date of § 1053(a).

*Id.* at 1137.

■ In light of the holding in *Haeberle,* Poggi herein cannot invoke § 1053 to prevent the forfeiture of his years of service which occurred in 1975. Like the plan in *Haeberle,* the pension plan herein includes a break in service provision. The provision states that any participant who failed to have 400 hours per year of credited service for a period of more than two years shall forfeit all years of credited service.

Poggi's last year of credited service was for the period from October 1, 1971 to September 30, 1972. Stripped of his improperly credited GAI hours received after August 21, 1972, he failed to have the hours necessary to obtain a year of credited service in any year thereafter. This conclusion is further supported by the statutory provision which explicitly permits the exclusion of any credit for the years of service prior to the effective date of ERISA which could be excluded "under the rules of a plan with regard to breaks in service, as in effect on the applicable date." 29 U.S.C. § 1053(b)(1)(F).

The defendants' cross-motion will be granted, the complaint will be dismissed with costs awarded to the defendants.

IT IS SO ORDERED.